# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**WILLIAM K. SAPP,**

    **Petitioner,**

v.                                    Case No. 2:17-cv-1069
                                            Judge Sarah D. Morrison
**CHARLOTTE JENKINS, Warden,**     Magistrate Judge Kimberly A. Jolson
**Chillicothe Correctional Institute,**

    **Respondent.**

## OPINION AND ORDER

Petitioner, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on Petitioner's Motion for Leave to File the Attached Memorandum in Support of Request to Issue a Rule 45 Subpoena to the Clark County Prosecutor's Office (ECF No. 72), Respondent's Opposition (ECF No. 78), and Petitioner's Reply (ECF No. 82). For the following reasons, Petitioner's Motion for Leave to File a Memorandum in Support of Request to Issue a Rule 45 Subpoena to the Clark County Prosecutor's Office (ECF No. 72), and Request to Issue a Rule 45 Subpoena (ECF No. 72-1), are **GRANTED**.

### I. BACKGROUND

Petitioner seeks leave to serve upon the office that prosecuted him a Rule 45 subpoena for the production of: (1) documents provided in discovery to Petitioner's trial counsel; and (2) copies of legal proceedings against the five co-defendants who were prosecuted in connection with two of the murders for which Petitioner was convicted and sentenced to death. (ECF No. 72-1, at PageID 25762). His request stems from the discovery that this Court ordered regarding

the timeliness of a potential *Brady* claim and an ineffective assistance of trial counsel claim, both of which Petitioner seeks to add. (ECF No. 68, at PageID 25741–51; ECF No. 70).

Specifically, Petitioner seeks to add a claim that the prosecution suppressed material, exculpatory or impeaching evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 56-1, at PageID 25579–603). He also seeks to add an alternative claim that, to the extent that material exculpatory or impeaching evidence was disclosed, his trial counsel were ineffective for failing to recognize the value of that evidence and use it at trial. (*Id*. at PageID 25603–12). Petitioner bases these proposed claims on documents disclosed through his 2018 public records request, including some 30,000 pages of police department records concerning the murders of Phree Morrow, Martha Leach, and Belinda Anderson, as well as the attempted murder of Hazel Pearson. (ECF No. 56, at PageID 25440).

This Court previously denied Petitioner's request to amend because the record was insufficient to determine whether Petitioner's proposed claims were timely under the one-year statute of limitations applicable to habeas corpus actions. (ECF No. 68, at PageID 25737–38). But the Court denied the amendment request without prejudice and subject to renewal pending Petitioner's ability to demonstrate the timeliness of his proposed claims. (*Id*., at PageID 25725, 25750–51). To that end, the Court set deadlines for resolving the dispute over Petitioner's request to: serve a Rule 45 subpoena on the Clark County Prosecutor; serve requests for production of documents and interrogatories on postconviction counsel; and depose postconviction counsel. (ECF No. 70).

As explained below, the Court is satisfied that Petitioner's Rule 45 subpoena is warranted because it is consistent with, and in furtherance of, discovery this Court already prescribed.

2

## II. STANDARD

The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply in habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). In *Harris v. Nelson*, 394 U.S. 286, 295 (1969), the United States Supreme Court held that the "broad discovery provisions" of the Federal Rules of Civil Procedure did not apply in habeas corpus proceedings. As a result of the holding in *Harris*, Congress promulgated the Rules Governing Section 2254 Cases In United States District Courts in 1976. Specifically, Rule 6(a) provides:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his [or her] discretion and for good cause shown grants leave to do so, but not otherwise.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'" *Bracy*, 520 U.S. at 908–09 (quoting *Harris*, 394 U.S. at 300); s*ee also Williams v. Bagley*, 380 F.3d 932, 974–75 (6th Cir. 2004).

In keeping with the well-settled principle that habeas petitioners are not entitled to go on fishing expeditions in search of damaging evidence, this "good cause" standard requires the petitioner to at least attempt to identify what he expects to uncover through his discovery requests. *See Williams*, 380 F.3d at 976; *see also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

3

### III. DISCUSSION

This Court previously found good cause for the discovery Petitioner now seeks. Specifically, it noted that it could not resolve from, the existing record, the timeliness of Petitioner's proposed claims. (ECF No. 68, at PageID 25737–38). Petitioner's now seeks to complete that record by serving a Rule 45 subpoena. Specifically, Petitioner seeks to determine whether any of the documents he recently gathered were suppressed—or whether any of the documents were disclosed to, but not used by, defense counsel. And Petitioner makes the case that his proposed subpoena is relevant to whether equitable tolling or § 2244(d)(1)(D) applies to support a finding that his proposed claims are timely. (ECF No. 72-1, at PageID 25762).

To begin, concerning equitable tolling, Petitioner reiterates that postconviction counsel never obtained a complete copy of the trial transcript. He further states that, despite good faith efforts, he has been unable to locate trial counsel's file. (ECF No. 72-1, at PageID 25762–64; ECF No. 82, at PageID 30779). Petitioner additionally asserts that postconviction counsel's failure to obtain a complete copy of the transcript violated prevailing standards of conduct and could support an application of equitable tolling. (ECF No. 72-1, at PageID 25763). On that point, Petitioner seeks to understand what the prosecution provided to defense counsel in discovery so that he may reconstruct the missing parts of defense counsel's file. In turn, he says the Court would have the evidence it needs to assess postconviction counsel's performance—an issue on which this Court expressly stated it needed more evidence.

Next, concerning the applicability of § 2244(d)(1)(D), Petitioner asserts that without trial counsel's file, he is unable to determine which of the records he recently obtained were suppressed by the prosecution in possible violation of *Brady*, or which records were provided to

4

but not used by defense counsel in support of a possible ineffective assistance of counsel claim. (*Id*. at PageID 25764). Petitioner reasons that under § 2244(d)(1)(D), the one-year period of limitations would not begin to run on his proposed *Brady* claim until he identifies the evidence that the prosecution failed to disclose in discovery, and would not begin to run on his proposed ineffective assistance claim until he identifies which evidence the prosecution did provide to defense counsel.

Petitioner adds to his need for this evidence by arguing that his *Brady* and ineffective assistance of counsel claims are "the converse" of "typical" habeas claims, where the petitioner initially learns through habeas discovery the identity of documents that the police generated during the course of their investigation. In contrast, here, Petitioner says, he already "knows the identity of the documents that the police generated in the course of their investigation, but he does not know which documents the prosecution provided in discovery." (*Id*. at PageID 25765, n.1). By obtaining documents provided in discovery to Petitioner's trial counsel, as set forth in his proposed Rule 45 subpoena, Petitioner asserts that he can reconstruct trial counsel's missing files and ascertain which of the documents Petitioner obtained through his public records request, if any, were actually provided by the prosecution to defense counsel during pretrial discovery. (*Id.*, at PageID 25763–64). And by obtaining copies of legal proceedings against his five co-defendants, he continues, he could determine which favorable documents may have been available to trial counsel if they had just reviewed those legal proceedings.

Respondent raises several arguments in opposition, but none persuade the Court. For one, Respondent does not address Petitioner's proposed ineffective assistance of trial counsel claim. Instead, Respondent focuses on only Petitioner's proposed *Brady* claim. At base,

5

Respondent asserts that none of the requested materials would illuminate the issue of whether Petitioner's proposed *Brady* claim is timely. (ECF No. 78, at PageID 30741). Respondent reasons that because Petitioner already has all of the documents that the Springfield Police Department provided, "more of the same from the Clark County Prosecutor's office would not enlighten, any better than the records already filed with this Court, the sole issue of timeliness of Sapp's proposed *Brady* claim amendments." (*Id.*, at PageID 30741). Respondent continues that additional documents from the county prosecutor would add nothing more than a "double-check" on the completeness of what the Springfield Police Department provided and is on file. (*Id*. at PageID 30741–42). Relatedly, Respondent says that Petitioner's admission that he is not seeking new evidence in support of his proposed *Brady* claim—just which documents the prosecutor provided—shows that "Sapp is focused solely on supposed development of his proposed *Brady* claim, where the results of the proposed discovery illuminate only the actions of the Clark County Prosecutor's office as to the 'suppression' component of Sapp's proposed Brady claim." (*Id*. at PageID 30742).

Respondent underestimates the value of the documents. Whether the documents were suppressed, or were provided but not used, speaks to the timeliness of Petitioner's proposed claims vis-à-vis whether he could have obtained the police records sooner and raised his proposed claims sooner. The fact that Petitioner already possesses documents provided by the Springfield Police Department does not answer that question. Petitioner's requests would not, as Respondent argues, provide a mere "double-check" of the completeness of what the Springfield Police Department provided. Petitioner's Rule 45 requests would not just illuminate what documents were suppressed as an element of his proposed *Brady* claim, or what documents were

6

provided as an element of Petitioner's proposed trial counsel ineffectiveness claim; they would also speak directly to the timeliness issue by shedding light on what was available and when. As noted above, Petitioner's proposed claims are the reverse of "typical" habeas claims, whose factual predicates are often learned of for the first time during habeas corpus discovery. Petitioner has the documents. He just does not know if they were suppressed or were disclosed but then not used. His Rule 45 requests are tailored to answer that question, not provide a "double-check."

Further, it is not necessarily the conduct of Petitioner and his habeas counsel during the past two years that is dispositive of the timeliness question. Respondent argues that the documents the Springfield Police Department provided "prove convincingly that these records have been available at least since May 17, 1997, with nothing more than a written request and payment of a ten cents per page copy charge." (*Id*. at PageID 30743). He bases that argument on the fact that a local newspaper, as well as a true crime author named Carol Rothgeb, from her first request dated May 17, 1997, through her last request dated March 26, 1999, were able to obtain thousands of pages of documents, hundreds of crime scene photos, and more than a dozen audiotapes. (*Id.*) Respondent goes on to argue that since the publication of Rothbeb's book entitled *Hometown Killer* in 2004, the essence of the documents that the Springfield Police Department provided to Petitioner in 2018 have been publicly available since 2004. (*Id*. at PageID 30744–48).

Whether the documents were available as early as May 17, 1997, does not answer the question of whether any were suppressed at the time of Petitioner's trial. And whether the availability of the essence of the Springfield Police Department records as early as 2004 should

7

be held against Petitioner, insofar as he did not request them until 2018 and propose his new claims until 2020, is one of the primary questions that the discovery this Court prescribed is intended to shed light on, to wit: postconviction counsel's performance. Petitioner was at the mercy of postconviction counsel. If the documents, or the information contained in the documents, were available in 2004, Petitioner cannot reasonably have been expected to be able to recognize and exercise his right to those documents. He was entitled to rely on his postconviction counsel during that time, and on habeas counsel once they were appointed. If, after discovery, it appears that postconviction counsel performed deficiently, that fact might militate in favor of equitably tolling the statute of limitations as to Petitioner's proposed claims. And once habeas counsel were appointed, it appears (though the Court is not holding at this time) that action was taken in a reasonable amount of time to recognize and exercise Petitioner's right to the documents. For these reasons, the Court is satisfied that Petitioner's proposed Rule 45 subpoena could facilitate the discovery this Court has already prescribed.

Beyond the foregoing, as intimated during the October 13, 2020 discovery conference, the Rule 45 subpoena that Petitioner seeks to serve could also aid in honing, paring, or even withdrawal of one of Petitioner's proposed claims. If, for example, it is established that the prosecution suppressed certain favorable, material documents, then any allegation that trial counsel were ineffective for failing to use those documents at trial set forth in proposed claim twenty arguably could be withdrawn. Concomitantly, if it is established that the prosecution did turn over certain favorable, material documents to trial counsel in discovery, then any allegation that the prosecution suppressed those documents set forth in proposed claim nineteen might be withdrawn. (ECF No. 72-1, at PageID 25764). This potential benefit also favors allowing

8

Petitioner to serve his proposed subpoena.

### IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Leave to File a Memorandum in Support of Request to Issue a Rule 45 Subpoena to the Clark County Prosecutor's Office (ECF No. 72), and Request to Issue a Rule 45 Subpoena (ECF No. 72-1), are **GRANTED**.

In accordance with the Court's January 12, 2021 Order Extending Deadlines (ECF No. 84), the Court **ORDERS** the following:

1. Petitioner shall have three (3) business days from the date of this order to serve his Rule 45 subpoena on the Clark County Prosecutor's Office, with a certificate requiring the requested documents to be delivered within thirty (30) days;

2. Within three (3) days after the receipt of the requested documents, Petitioner shall advise the Court of the volume of the documents provided and the amount of time Petitioner estimates he will need to review those documents in comparison to the documents he received from the Springfield Police Department;

3. Following Petitioner's advisement, the Court will promptly issue an order establishing a deadline for Petitioner to complete his review of the requested documents;

4. The deposition of postconviction counsel David J. Graeff shall be completed no later than thirty (30) days from the deadline for Petitioner to complete his review of the requested documents;

5. Within seven (7) days after the completion of Mr. Graeff's deposition, the parties will either file a status report or seek a status conference with the Court to address (1) what further discovery may or may not be needed; and (2) whether or to what extent the "relation-back" doctrine applies to any parts of Petitioner's proposed claims; and

6. After the completion of this discovery, Petitioner shall have sixty (60) days to file his merit brief on the issue(s) set forth above; Respondent shall have sixty (60) days to file any response to Petitioner's merit brief; and Petitioner shall have thirty (30) days to file any reply to Respondent's response.

IT IS SO ORDERED.

Date:   February 17, 2021             /s/ Kimberly A. Jolson
                                      KIMBERLY A. JOLSON
                                      UNITED STATES MAGISTRATE JUDGE

10