IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM K. SAPP,**

  **Petitioner,**

           :

            Case No. 2:17-cv-1069
 v.          Judge Sarah D. Morrison
            Magistrate Judge Kimberly A.
            Jolson

**CHARLOTTE JENKINS,**
**Warden, Chillicothe**     :
**Correctional Institution,**

  **Respondent.**

## OPINION AND ORDER

Petitioner Sapp, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. The matter is now before the Court on the Respondent-Warden's Appeal to the District Court of the Order for Discovery (Objs., ECF No. 88), and Sapp's Response (Resp., ECF No. 89). For the reasons that follow, the Warden's objections are **OVERRULED**.

**I.  BACKGROUND**

The Warden objects to the Magistrate Judge's February 17, 2021 Order and Opinion (Feb. 17 Order, ECF No. 85) granting Sapp leave to serve upon the office that prosecuted him a Rule 45 subpoena for the production of: (a) documents provided in discovery to Sapp's trial counsel; and (b) copies of legal proceedings

against the five co-defendants who were prosecuted in connection with two of the murders for which Sapp was convicted and sentenced to death. (Obj., *generally*.) Sapp's request stemmed from discovery that this Court ordered on the issue of the timeliness of *Brady* claim and ineffective assistance claims that Sapp seeks to add. (ECF No. 68, at PageID 25741–51; ECF No. 70.)

Sapp moved to amend his habeas petition, seeking to add claims that (i) the prosecution suppressed material, exculpatory or impeaching evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and (ii) to the extent material, exculpatory or impeaching evidence was disclosed, trial counsel were ineffective for failing to recognize the value of that evidence and use it at trial. (ECF No. 56; ECF No. 56-1, at PageID 25603–12.) Sapp's proposed claims arose from his receipt in 2018, through a public records request, of some 30,000 pages of police department records relating to the murders of Phree Morrow, Martha Leach, and Belinda Anderson, as well as the attempted murder of Hazel Pearson. (ECF No. 56, at PageID 25440.) This Court denied Sapp's motion to amend because the record was insufficient for the Court to determine whether the proposed claims were timely under the one-year statute of limitations applicable to habeas corpus actions. (ECF No. 68, at PageID 25737–38.) The Court's denial was without prejudice and subject to renewal, should Sapp be able to demonstrate after more factual development that his proposed claims would be timely. (*Id.*, at PageID 25725, 25750–51.)

In granting Sapp's request to subpoena the prosecutor's trial discovery files, the Magistrate Judge found that the request could help shed light on what records

were available and when, especially as that relates to the critical question of whether or to what extent deficiencies in postconviction counsel's performance might support the application of equitable tolling with respect to Sapp's failure to raise his proffered *Brady* and ineffective assistance claims sooner. (Feb. 17 Order, at PageID 30800–02.) The Magistrate Judge also found that production of the prosecutor's trial discovery files could provide the added benefit of refining or even eliminating one of Sapp's proposed claims. (*Id*. at PageID 30802–03.) Specifically, the Magistrate Judge explained that if the prosecutor's trial discovery files show that any favorable police records that Sapp obtained through his public records request were not disclosed to Sapp's trial counsel, that would support his proffered *Brady* claim while undermining his proffered ineffective assistance claim. If, on the other hand, the Magistrate Judge continued, the prosecutor's trial discovery files show that favorable police records were disclosed to, but ultimately not used by, trial counsel, then that fact could support Sapp's ineffective assistance claim while undercutting his proffered *Brady* claim.

In objecting to the Magistrate Judge's decision, "[t]he Warden offers three independent reasons why the Magistrate Judge erred as a matter of law in granting Sapp's request for discovery of the trial discovery records from the state prosecutor[.]" (Objs., at PageID 30811.) Specifically, the Warden asserts:

 1. Sapp's admission that his discovery request is founded on speculation disentitles him to habeas discovery;

2. Sapp's theory for equitable tolling renders irrelevant any potential discovery of the trial discovery records from the state prosecutor; and

3. Where Sapp's proposed *Brady* claim is insubstantial, it was error to allow discovery of trial records from the state prosecutor.

*Id.* For the reasons set forth below, the Court overrules each of the Warden's objections.

## II. STANDARDS OF REVIEW

According to Fed. R. Civ. P. 72(a), when a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). A legal conclusion is "contrary to law" when the magistrate judge has "misinterpreted or misapplied applicable law." *Hood v. Midwest Sav. Bank*, No. C2-97-218, 2001 WL 327723, at *2 (S.D. Ohio Mar. 22, 2001) (citations omitted).

The Magistrate Judge correctly identified the "good cause" standard governing discovery in habeas corpus (Feb. 17 Order, at PageID 30797) and correctly discussed the principle of equitable tolling and application of 28 U.S.C. § 2244(d)(1)(D)'s "newly discovered evidence" component of the habeas corpus statute of limitations, (*Id*. at PageID 30798–99), which this Court previously found will determine the timeliness of Sapp's proffered claims, (ECF No. 68, at PageID 25728).

### III. ANALYSIS

As the Magistrate Judge correctly observed, this Court's decision denying Sapp's motion to amend without prejudice essentially found good cause for discovery—*i.e.*, that Sapp might, if the facts are more developed through the discovery the Court prescribed, be able to establish that one or both of his proposed claims would be timely under 28 U.S.C. § 2244(d)(1) or would be deserving of equitable tolling. The Magistrate Judge determined that Sapp's proposed Rule 45 subpoena was consistent with, and in furtherance of, discovery this Court already prescribed. (Feb. 17 Order, at PageID 30796.) This Court agrees.

#### A. First Objection

According to the Warden, "Sapp's admission that his discovery request is founded on speculation disentitles him to habeas discovery[.]" (Objs., at PageID 30811, 30812–14.)

In response, Sapp argues in the first instance that the Warden's objections are procedurally barred, to the extent that they were not raised before the

5

Magistrate Judge, that they lack specificity, or that they fail to demonstrate that the Magistrate Judge's decision was clearly erroneous or contrary to law. (Resp., at PageID 30841–45.) Sapp also argues that the objections are substantively without merit. (*Id.*, at PageID 30845–54.)

As a preliminary matter, the Court agrees that there is case law in support of the procedural objections that Sapp offers. *See, e.g., Murr v. U.S.*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (finding that argument raised for the first time in supplemental objections to the magistrate judge's final report and recommendation "may be procedurally barred"); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (explaining that objections must "be specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious") (discussing *U.S. v. Walters*, 638 F.3d 947, 949–50 (6th Cir. 1981)). The Court also agrees that, at a minimum, some of the objections raised by the Warden do not appear to have been raised before the Magistrate Judge.[1] Nonetheless, the Court elects to address the objections on their merits rather than on procedural bases, which also finds support in the law.

Sapp denies that his limited discovery request is based on speculation, and points out that this Court already found that Sapp pleaded sufficient facts to be afforded the opportunity to more fully develop the record supporting his plea for equitable tolling. (Resp., at PageID 30845.) Sapp's arguments are well taken.

First, the Warden's objection finds no support in the record. This Court reviewed both substantive pleadings that Sapp filed since the Court's September 29, 2020 decision denying without prejudice Sapp's motion to amend. (ECF Nos. 72-1, 82.) Nowhere, whether those pleadings are parsed word-by-word or read as a whole, does Sapp state or imply any concession that his request is based on speculation.

Additionally, the Warden's objection is not supported by the law. The cases the Warden cites are materially distinguishable from the instant case. (*See* Objs., at PageID 30813–14.) It is well settled, as the Magistrate Judge noted, "that habeas petitioners are not entitled to go on fishing expeditions in search of damaging evidence . . . ." (Feb. 17 Order, at PageID 30797.) A cursory review of this matter shows that Sapp's request is not remotely the sort of open-ended fishing expedition that the cases cited by the Warden criticized.

Sapp's concession that there are certain facts about records in his possession that he does not know does not amount to a concession that his request for the prosecutor's trial discovery files is founded on speculation. There is a difference between not knowing a fact and unfoundedly speculating whether that fact exists. Sapp <u>*knows*</u> the content of thousands of police records generated in the investigation of his case, and has identified many as constituting material, exculpatory or impeaching evidence. He <u>*knows*</u> that those allegedly favorable

---

[1] The Court is less persuaded that the Warden's objections fail for want of specificity or for not targeting the Magistrate Judge's decision as clearly erroneous

records were not used at his trial, and makes more than a speculative argument that that was error. What he does *not* know is whether the omission of those records at trial was the result of the prosecutor's failure to provide them in discovery—which could support his proposed *Brady* claim—or if the prosecutor did provide them and defense counsel failed to recognize their value and use them at trial—which could support his proposed ineffective assistance claim. Sapp is not speculating whether favorable, material records exist, or in what manner they might have been favorable, in the hopes of persuading this Court to give him an open-ended, shot-in-the-dark chance to find out. That is the scenario the cases cited by the Warden countenanced against, it is not the scenario presented here.

The Warden's first objection fails to demonstrate clear error or contravention of law in the Magistrate Judge's decision, and is accordingly **OVERRULED**.

**B.** **Second Objection**

The Warden argues in the second objection that "Sapp's theory of equitable tolling renders irrelevant any potential discovery of the trial discovery records from the state prosecutor[.]" (Objs., at PageID 30811, 30814–16.) The Warden posits that the issue of whether or to what extent postconviction counsel performed deficiently (or even abandoned Sapp at various times) would be neither helped nor hindered by knowing the contents of the prosecutor's trial discovery files. The Warden further contends that Sapp's suggestion now that postconviction counsel

---

or contrary to law.

could have and should have reviewed all publicly available records also renders the requested trial discovery records irrelevant.

In response, Sapp continues to stress the importance of postconviction counsel's apparent shortcomings to the issue of equitable tolling, and the manner in which the prosecutor's trial discovery files could fill in details that are missing due to postconviction counsel's failure to obtain and/or retain trial counsel's files. (Resp., at PageID 30851.)

Resolving this objection boils down to determining whether there is a sufficient nexus between Sapp's request for the prosecutor's trial discovery files and Sapp's—or postconviction counsel's—failure to discover the records sooner. The question before the Court is: Would knowing whether it was the prosecutor's suppression or trial counsel's ineffectiveness that was to blame for the omission of these records from Sapp's trial shed light on knowing what was available and when? The Court is satisfied that it would.

With respect to Sapp's equitable tolling theory—*i.e.*, that failures on the part of postconviction counsel may have contributed to Sapp's inability to discover these records, or when they were available, sooner—the nexus is this: Given the fact-intensive nature of the inquiry into applying equitable tolling (*see* ECF No. 68, at PageID 25741, 25749–50), the more complete the picture is of what was known or knowable and when, the better. Sapp's request would help fill in pieces currently missing from that picture.

9

There is an even stronger nexus between Sapp's request for the prosecutor's trial discovery files and the applicability of § 2244(d)(1)(D)'s "newly discovered evidence" component of the habeas corpus statute of limitations defense, which the Warden did not address. Pursuant to 28 U.S.C. § 2244(d)(1)(D), the one-year period of limitations applicable to habeas corpus petitions or claims begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." As Sapp explained in his original request to subpoena the prosecutor's trial discovery files:

> [T]he statute of limitations will not begin to run on Sapp's *Brady* claim until Sapp conducts discovery and identifies the evidence the prosecution did not provide in discovery. Similarly, the statute of limitations will not begin to run on those portions of Sapp's alternative ineffective assistance of counsel claim until Sapp conducts discovery and identifies evidence the prosecution provided in discovery that trial counsel could have used at trial.

(ECF No. 72-1, at PageID 25765.) Production of the prosecutor's trial discovery files offers the best chance at identifying when the factual predicate underlying either Sapp's proposed *Brady* claim or his proposed ineffective assistance claim could have been discovered through the exercise of due diligence.

The Warden's second objection fails to demonstrate clear error or contravention of law in the Magistrate Judge's decision, and is accordingly **OVERRULED**.

C. **Third Objection**

In the third and final objection, the Warden argues that "[w]here Sapp's proposed *Brady* claim is insubstantial, it was error to allow discovery of trial

10

records from the state prosecutor." (Objs., at PageID 30811, 30817–18. *See also* ECF No. 88-1.) Pointing to an attachment listing state court findings of Sapp's guilt, the Warden argues that the overwhelming evidence, including a confession, of Sapp's guilt of the rapes and murders of two minor females renders Sapp's proffered *Brady* claim insubstantial.

Sapp asserts in response that the findings relied upon by the Warden were made without the benefit of the police records Sapp recently obtained, and that an accused's confession does not automatically preclude habeas corpus relief on a *Brady* claim. (Resp., at PageID 30852–53.) Sapp also argues that the statements of the four individuals who pled guilty in connection with the two murders must be considered, insofar as none of them inculpated Sapp. (*Id.*, at PageID 30854.)

As a preliminary matter, the Warden's request that this Court thwart discovery it previously found to be warranted on grounds that Sapp's proposed *Brady* claim is "insubstantial" strikes the Court as premature. That is, it would be premature to dismiss Sapp's proposed *Brady* claim as insubstantial on the basis of state court findings of guilt made without the benefit of the police records that Sapp recently obtained. (*Id.*, at PageID 30852-53.)

Additionally, the Warden's characterization of Sapp's proposed *Brady* claim as "insubstantial" ignores this Court's previous remarks about the viability of the claim. In response to the Warden's argument opposing Sapp's motion to amend on the grounds that Sapp was "unequivocally and admittedly guilty," the Court stated that it was "not of the view that an accused who makes inculpatory statements is

11

never entitled to raise a *Brady* claim, especially where, as here, the accused has persistently challenged the constitutionality of the inculpatory statements." (ECF No. 68, at PageID 25737.) Later, the Court commented that "[w]ith the exception of timeliness, the Court finds that every other factor militates in favor of allowing Petitioner to amend his petition to add" the two proposed claims. (*Id*. at PageID 25750.) This Court would not have permitted factual development on the issue of timeliness unless it found some viability to Sapp's proposed *Brady* claim.

With respect to the Warden's reliance on evidence of Sapp's guilt as undermining the viability of Sapp's proposed *Brady* claim, Sapp correctly notes that the Sixth Circuit has held that an accused's confession does not preclude habeas corpus relief—including on *Brady* claims. (Resp., at PageID 30853) (citing *Gumm v. Mitchell*, 775 F.3d 345, 373 (6th Cir. 2014); and *Bies v. Shelton*, 775 F.3d 386, 401– 03 (6th Cir. 2014)).

Moreover, the Warden continues to ignore the fact that Sapp, on the singular basis of the Springfield police records that he obtained, seeks to add not just a *Brady* claim, but also an ineffective assistance of trial counsel claim. This is where the Magistrate Judge's rationale about the winnowing benefit comes into play, and it makes the most compelling case for why Sapp's Rule 45 subpoena request is warranted. Specifically, the Magistrate Judge explained:

> [T]he Rule 45 subpoena that Petitioner seeks to serve could also aid in honing, paring, or even withdrawal of one of Petitioner's proposed claims. If, for example, it is established that the prosecution suppressed certain favorable, material documents, then any allegation that trial counsel were ineffective for failing to use those documents at

12

> trial set forth in proposed claim twenty arguably could be withdrawn. Concomitantly, if it is established that the prosecution did turn over certain favorable, material documents to trial counsel in discover, then any allegation that the prosecution suppressed those documents set forth in proposed claim nineteen might be withdrawn. (ECF No. 72-1, at PageID 25764). This potential benefit also favors allowing Petitioner to serve his proposed subpoena.

(Feb. 17 Order, at PageID 30802–03.)

Sapp succinctly frames the issue: "It is clear that an error occurred, it is just a matter of which party committed the error, trial counsel, the prosecutor or both." (Resp., at PageID 30846.) The sooner the answer is known, the better for purposes of judicial economy. And only by knowing what the prosecutor provided in trial discovery—which production of the prosecutor's trial discovery files seems to offer the best and most expedient chance for learning—can the parties and the Court know whether either or both claims remain viable.

Because the Warden's third objection fails to demonstrate clear error or contravention of law in the Magistrate Judge's decision, it is **OVERRULED**.

## IV. CONCLUSION

For the foregoing reasons, the Warden's objections (ECF No. 88) are **OVERRULED**, and the stay (ECF No. 87) of the Magistrate Judge's February 17, 2021 Opinion and Order (ECF No. 85) is **LIFTED.**

With the lifting of the stay of the February 17 Order, the Court hereby reinstates the following deadlines:

1. Sapp shall have three business days from the date of this order to serve his Rule 45 subpoena on the Clark County Prosecutor's

Office, with a certificate requiring the requested documents to be delivered within thirty days;

2. Within three days after the receipt of the requested documents, Sapp shall advise the Court of the volume of the documents provided and the amount of time Sapp estimates he will need to review those documents in comparison to the documents he received from the Springfield Police Department;

3. Following Sapp's advisement, the Court will promptly issue an order establishing a deadline for Sapp to complete his review of the requested documents;

4. The deposition of postconviction counsel David J. Graeff shall be completed no later than thirty days from the deadline for Sapp to complete his review of the requested documents;

5. Within seven days after the completion of Mr. Graeff's deposition, the parties will either file a status report or seek a status conference with the Court to address (1) what further discovery may or may not be needed; and (2) whether or to what extent the "relation-back" doctrine applies to any parts of Sapp's proposed claims; and

6. After the completion of this discovery, Sapp shall have sixty days to file his merit brief on the issue(s) set forth above; the Warden shall have sixty days to file any response to Sapp's merit brief; and Sapp shall have thirty days to file any reply to the Warden's response.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**