IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM K. SAPP,**

    **Petitioner,**

v.                                       Case No.  2:17-cv-1069
                                           Judge Sarah D. Morrison
**CHARLOTTE JENKINS, Warden,**     Magistrate Judge Kimberly A. Jolson
**Chillicothe Correctional Institute,**

    **Respondent.**

**OPINION AND ORDER**

Petitioner William Sapp, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254.  This matter is before the Court for consideration of the Respondent-Warden's Motion for Reconsideration of the Doc. 90 Discovery Order in Light of Intervening Authority – *Shinn v. Martinez Ramirez* and *Shoop v. Twyford*.  (ECF No. 116.)  Also before the Court are Sapp's Response (ECF No. 117) and the Warden's Reply (ECF No. 118).  For the following reasons, the Undersigned concludes that the Warden's Motion (ECF No. 116) should be **DENIED** and the **stay** on the discovery scheduling order imposed by this Court's September 16, 2022 ECF No. 119 Order be **LIFTED**.

    **I.  BACKGROUND**

On May 4, 2021, the Court issued an Opinion and Order overruling the Warden's Objections to the Court's February 17, 2021, Order granting Sapp leave to serve a Rule 45 subpoena on the Clark County, Ohio Prosecutor's Office, and setting forth other deadlines to complete necessary discovery.  (ECF No. 90.)  That discovery, which included a deposition of

postconviction counsel David Graeff, is relevant to determining the timeliness of two claims Sapp looks to add to his Petition: one under *Brady v. Maryland*, 373 U.S. 83 (1963), and one for ineffective assistance of trial counsel. Specifically, the Court found that the requested discovery "could help shed light on what records were available and when, especially as that relates to the critical question of whether or to what extent deficiencies in postconviction counsel's performance might support the application of equitable tolling with respect to Sapp's failure to raise his proffered *Brady* and ineffective assistance claims sooner." (Order, ECF No. 90, at PageID 30862 (citing Order, ECF No. 85, at PageID 30800–02).)

Section 2254(e)(2) of Title 28 of the United States Code imposes certain restrictions on a habeas petitioner's ability to conduct factual development on claims. The discovery order at issue did not address 28 U.S.C. § 2254(e)(2), since the requested discovery targeted the timeliness of new claims, not the factual basis of the new claims themselves. The Warden contends that the recent Supreme Court decisions in *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718 (2022), and *Shoop v. Twyford*, 142 S. Ct. 2037 (2022), which were not available when the Court issued its May 4, 2021, Order, warrant reconsideration here: "[B]efore allowing the collection of evidence outside the state court record, the Court must first require petitioner Sapp to either show how 2254(e)(2) does not apply to his case, or alternatively show, by the appropriate level of proof, that he can overcome the gatekeeping rules in 2254(e)(2)." (Motion, ECF No. 116, at PageID 30955.) The Court disagrees that § 2254(e)(2)'s restrictions or those decisions apply to the Court's discovery order.

## II. STANDARD

Federal Rule of Civil Procedure 54(b) provides in relevant part that "any order or other

2

decision . . . that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims . . . ." Thus, "[d]istrict courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)).

That said, motions for reconsideration are generally disfavored. *See, e.g.*, *Davie v. Mitchell*, 291 F. Supp. 2d 573, 634 (N.D. Ohio 2003). A motion for reconsideration is proper only if (1) there is an intervening change of controlling law; (2) there is new evidence; or (3) there is a need to correct a clear error or prevent manifest injustice. *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *Rodriguez*, 89 F. App'x at 959 (citation omitted).

### III. DISCUSSION

The Court permitted discovery to answer the question of whether two new proposed claims would be untimely under the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Specifically, the Court sought additional evidence on whether errors by Sapp's postconviction counsel were egregious enough to warrant equitable tolling of the statute of limitations. The issue before the Court is whether limitations on a federal habeas court's ability to conduct certain factual development, originally imposed by § 2254(e)(2) and recently expounded upon in *Shinn* and *Shoop*, require the termination of the previously ordered discovery. The answer is no.

In 2018, shortly after he timely filed his habeas petition, Sapp obtained more than 12,000 police department documents through a Freedom of Information Act, 5 U.S.C. § 552 ("FOIA")

3

request.  (Order, ECF No. 68, at PageID 25726.)  Because his trial counsel never made use of the documents, Sapp asserted that one of two things must be true: either (1) the prosecution never provided the documents to trial counsel, violating its duty under *Brady v. Maryland*; or (2) trial counsel had the documents, but did not recognize their value and put them to use, thereby providing ineffective assistance of counsel.  Sapp thus sought to amend his Petition to add a *Brady* claim and an ineffective assistance of trial counsel claim.  (Motion, ECF No. 56.)

One of the determinations a Court must make in deciding whether to allow a petition to be amended is whether amendment would be futile, *i.e.*, whether it could withstand a motion to dismiss under Rule 12(b)(6).  *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992).  Of course an amendment to add untimely claims would be futile.  To this point, Sapp argued that he was entitled to equitable tolling on his new claims because of the seriously deficient performance of his postconviction counsel, which he said contributed to his failure to obtain the police records at issue and present his new proposed claims sooner.  (Order, ECF No. 68, at PageID 25732 (citing Motion to Amend, ECF No. 56; *see also* ECF No. 56, at PageID 25440 ("Habeas counsel has literally had to conduct an investigation that should have been conducted years ago in this case.").)  On September 29, 2020, this Court issued an Opinion and Order denying Sapp's motion to amend without prejudice because the Court was without sufficient information to rule with confidence that Sapp's proposed claims were timely.  (*Id.* at PageID 25726–27.)  Specifically, the Court found that while the existing record raised "grave questions about the sufficiency of postconviction counsel's representation of Petitioner, and about other irregularities in the postconviction proceedings[,]" (*id.* at PageID 25741), there were other critical gaps that needed to be filled before the Court could determine whether equitable

4

tolling was warranted.

For example, the Court noted that although the petition filed by postconviction counsel was "unusually paltry" and "hardly robust" for a death penalty case, the record was devoid of any explanation why—such as testimony, affidavits, or other evidence shedding light on what kind of research, investigation, and strategy went into postconviction counsel's preparation of the petition. (*Id*. at PageID 25741–42.) The Court also noted, with respect to Sapp's suggestion that there were periods during which postconviction counsel actually or effectively abandoned Sapp, the record contained no evidence of whether, during any of those periods identified, postconviction counsel considered himself to no longer be representing Sapp or was physically, mentally, or legally unable to represent Sapp. (*Id*. at PageID 25743.) "Similarly," the Court continued, "the record sheds no light on what [Sapp] knew of, or had a duty to inquire about, postconviction counsel's status." (*Id*.) Additionally, the Court noted that postconviction counsel appears to have never had a complete copy of the trial transcript, (*id*. at PageID 25744–46), and thirteen years elapsed between the time the appellate court dismissed the postconviction appeal for lack of an appealable order and the trial court issued compliant findings of fact and conclusions of law. (*Id*. at PageID 25746–48.) Finally, the Court noted a need to account for Sapp's mental capacity, then and now. (*Id*. at PageID 25748–49.)

The Court concluded:

[T]he confluence of the circumstances set forth above presents serious question about the representation that [Sapp] received during postconviction proceedings, as well as other irregularities that occurred during the postconviction proceedings, that *could*, if the record is more fully developed, trigger the application of equitable tolling as to the two claims that [Sapp] seeks to add.

\*\*\*

5

> With respect to every circumstance presented in this case, the Court has identified important questions that the record, as currently constituted, does not answer. And this Court would prefer to obviate the possibility of this case being remanded years down the road for factual development that this Court could undertake now.

(ECF No. 68, at PageID 25749–50 (emphasis in original).)

The parties subsequently embarked upon nearly twenty months of discovery that included the production by the prosecutor's office of over 40,000 pages of documents and a recently conducted deposition of postconviction counsel. (ECF Nos. 70, 85, 90, 98, 101, 115.)

The Warden now argues that the Court should reconsider its original grant of discovery, "[i]n light of the intervening authority stated in *Shinn v. Ramirez*, 142 S. Ct. 1718 (May 23, 2022), and *Shoop v. Twyford*, 142 S. Ct. 2037 (June 21, 2022)." (ECF No. 116, at PageID 30953.) In *Shoop*, says the Warden,

> the United States Supreme Court determined the Sixth Circuit erred in allowing the development of brain scanning evidence in a 2254 habeas proceeding without first requiring the habeas petitioner to show that he "could clear the bar in Section 2254(e)(2) for expanding the state court record, or that the bar was somehow inapplicable."

(ECF No. 116, at PageID 30954 (quoting *Shoop*, 142 S. Ct. at 2046).) "Earlier," the Warden continues, "the Court in *Shinn v. Ramirez,* 142 S. Ct. 1718, 2022 U.S. LEXIS 3149, determined that the *Martinez* line of cases does not excuse the habeas petitioner from overcoming the bar in Section 2254(e)(2) for the consideration of evidence beyond the state court record." (ECF No. 116, at PageID 30954 (citing *Shinn*, 142 S. Ct. at 1736–37).) In light of these new cases, the Warden asserts, "before allowing the collection of evidence outside the state court record, the Court must first require petitioner Sapp to either show how 2254(e)(2) does not apply to his case, or alternatively show, by the appropriate level of proof, that he can overcome the gatekeeping rules in 2254(e)(2)." (ECF No. 116, at PageID 30955.)

Sapp counters that the *Shinn* and *Shoop* decisions do not affect the discovery already completed because "[t]he Warden cannot reasonably ask this Court to require Petitioner's counsel to 'forget' what they learned from their review of the 40,100 pages of the Clark County Prosecutor's or to return those records to that Office[,]" and because, to the extent the Warden's real concern is how Sapp will use the information gleaned, "the Warden has not raised that issue in her motion." (ECF No. 117, at PageID 30958.) Sapp additionally argues that the *Shinn* and *Shoop* decisions do not preclude the deposition of postconviction counsel or this Court's ability to consider that deposition because those decisions and the limitations set forth in § 2254(e)(2) apply to new evidence developed on the merits of claims set forth in the habeas petition. Sapp says that while the ineffective assistance of postconviction counsel cannot serve as a basis for granting habeas relief, it can be considered to the extent it sheds light on the issue of equitable tolling. (*Id*. at PageID 30961.) The Court agrees that its grant of discovery falls outside the scope of *Shinn* and *Shoop*.

In *Shinn*, the Supreme Court considered the question of "whether the equitable rule announced in *Martinez* permits a federal court to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state-court record." 142 S. Ct. at 1728. The Supreme Court held that it does not. The "equitable rule in *Martinez*" stemmed from the decisions of *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), and essentially holds that, in certain circumstances, ineffective assistance of postconviction counsel can constitute cause to excuse the procedural default of a substantial claim of ineffective assistance of trial counsel. *Martinez*, 566 U.S. at 17; *Trevino*, 569 U.S. at 429; *see also White v. Warden, Ross Corr. Inst.*, 940 F.3d 270, 276–78 (6th Cir.

7

2019) (extending *Martinez-Trevino*'s applicability to Ohio). At issue in *Shinn* were lower court decisions to allow factual development on not only whether the ineffective assistance of postconviction counsel constituted cause to excuse procedural default of an ineffective assistance of trial counsel claim, but also on the merits of that ineffective assistance of trial counsel claim. *Shinn*, 142 S. Ct. at 1728–29, 1729–30. After examining the history and limitations of habeas corpus relief, *id.* at 1730–33, the Supreme Court held "that, under § 2254(e)(2), a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel." *Id.* at 1734.

*Shoop* involved a challenge to a district court order to transport a habeas petitioner to the hospital for neurological testing. 142 S. Ct. at 2041. The petitioner claimed his trial counsel was ineffective for failing to present evidence of a head injury he sustained as a teenager, and he hoped the neurological testing would develop evidence related to his claims for relief. *Id.* at 2041–42. One challenge on appeal stemmed from the failure of the district court to address whether it would be able to consider the evidence that the petitioner hoped to develop. *Id.* at 2042. Notably, the petitioner only "asserted in passing that the desired evidence could 'plausibly' bear on the question whether to excuse procedural default[,]" but "did not identify the particular defaulted claims he hope[d] to resurrect, nor did he explain how the testing would matter to his ability to do so." *Id.* at 2046. The Supreme Court held that the district court erred in granting petitioner's motion to transport without first considering whether the newly developed evidence "would aid its adjudication of his habeas petition." *Id.*

The Court concludes that neither § 2254(e)(2) nor *Shinn* and *Shoop* affect this Court's prior grant of discovery. Here, the factual development at issue does not relate to the merits of

8

any substantive claims for relief, nor to the excuse of procedural default for any claims, whether by the rule announced in *Martinez* or otherwise. Rather, the Court has ordered discovery for the narrow threshold purpose of assessing the timeliness of petitioner's new proposed claims.

First, it seems clear from the plain language of 28 U.S.C. § 2254(e)(2) that its restrictions on factual development apply to substantive claims for habeas relief. It provides:

> (e)(2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on—
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

Reading the text, other courts have construed § 2254(e)(2)'s restrictions as applying only to factual development of claims for relief. In *Barbour v. Hamm*, No. 2:01-cv-612, 2022 WL 3570327, *3 (M.D. Ala. Aug. 18, 2022), the district court denied reconsideration of its order granting discovery on the petitioner's gateway claim of actual innocence to excuse procedural default, explaining that the gateway actual innocence claim was not a "claim" within the meaning of § 2254(e)(2). *See also Williams v. Superintendent Mahanoy SCI*, 45 F.4th 713, 722–23 (3rd Cir. 2022) (holding that *Shinn* did not undermine the Third Circuit's conclusion that § 2254(e)(2)'s restrictions do not preclude federal hearings on excuses for procedural default). *Cf.*

9

*Mammone v. Jenkins*, 49 F.4th 1026, 1058–59 (6th Cir. 2022) (citing *Shoop*, 142 S. Ct. at 2043) (discussing § 2254(e)(2)'s restrictions in the context of a denial of an evidentiary hearing on the petitioner's ineffective assistance of counsel claims); *Whatley v. Dunn*, No. 1:19-cv-938, 2022 WL 3999822, *105 (S.D. Ala. Aug. 31, 2022) (discussing limitations on right to a hearing in context of claims that were disposed of on the merits by the state courts).

Still more, the *Barbour* court held that neither *Shinn* nor *Shoop* affected the court's prior discovery order because neither decision addressed the propriety of discovery in habeas corpus nor the procedure for handling gateway claims of actual innocence. *Barbour*, 2022 WL 3570327, at *2. *Shinn*, the court explained, addressed a prisoner's failure to develop the state court record underlying his substantive claim of ineffective assistance of trial counsel and his subsequent request in habeas proceedings to develop that record. *Id.* As for *Shoop* and its admonition against permitting factual development without first determining whether the evidence would be admissible, the district court stated that its discovery order, unlike the order in *Shoop*, was likely to produce evidence that the district court could—in fact, must—consider in order to determine whether the petitioner could satisfy the standard for establishing a gateway claim of actual innocence announced in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id.* at *3 (noting that the *Schlup* inquiry requires a holistic review of all evidence).

The discovery at issue here does not target the merits of the new proposed claims, nor any other claims for relief. Every order addressing the discovery at issue has made clear that discovery was being granted on the issue of whether the new proposed claims would be timely. In its order originally denying without prejudice Sapp's motion to amend, the Court made clear its "view that Petitioner should be given the opportunity to more fully develop the facts

10

underlying his plea for the application of equitable tolling." (ECF No. 68, at PageID 25750.) The Court then directed the Undersigned "to convene a status conference to discuss, and establish whatever briefing schedule is necessary to facilitate, further factual development on the issue of whether equitable tolling, or even 28 U.S.C. § 2244(d)(1)(D), should apply to proposed claims nineteen and twenty." (*Id.* at 25751.) The Undersigned's October 13, 2020, Scheduling Order did just that. (ECF No. 70, at PageID 25755.) Sapp has never asked, and this Court has never agreed, that any evidence he obtains be considered as to the merits of those proposed claims or any other claims. In fact, even the Warden acknowledged Sapp's admission that he was not seeking new evidence in support of his proposed claims, which the Court noted in its February 17, 2021, Opinion and Order granting Sapp's request to serve a Rule 45 subpoena. (ECF No. 85, at PageID 30800 (citing Response, ECF No. 78, at PageID 30742).)

As in *Barbour*, this is evidence that the Court can—and must—consider for its equitable tolling analysis. Particularly, the Court must determine whether Sapp can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (citation omitted). This is a fact-intensive inquiry, in which the Court must "consider[ ] in detail the facts of [the] case to determine whether they indeed constitute extraordinary circumstances sufficient to warrant equitable relief. *Id.* at 653–654. No precedent has said that the Court should be limited to the state court record in making such determination. And just as the *Barbour* court did not accept the respondent's proposition that it could not "allow factfinding beyond the state court record on Barbour's actual innocence claim[,]" so too the Court will not accept the Warden's proposition that it should be so limited in determination of Sapp's argument for equitable tolling.

11

2022 WL 3570327, at *2.

To the extent that *Shinn* and *Shoop* purported to expand the types of factual development to which § 2254(e)(2)'s restrictions apply, this Court's discovery order still falls outside the scope prescribed in those decisions. According to the Warden, "Sapp was granted discovery to seek evidence that could plausibly support yet-to-be articulated claims of either a *Brady* violation, or a claim of ineffective assistance of trial counsel, or a claim of ineffective assistance of postconviction counsel, all to be dependent on what Sapp may find from procuring evidence outside the state court record." (ECF No. 116, at PageID 30954.) The Warden is incorrect. The discovery was not sought to support a claim of ineffective assistance of postconviction counsel offered as cause to excuse the default of the proposed claims. Rather, the evidence that Sapp seeks relates to whether deficient postconviction counsel, and other irregularities in the postconviction proceedings, were sufficiently egregious to warrant equitable tolling of the statute of limitations on proffered *Brady* and ineffective assistance claims. If the evidence produced during discovery suggests the answer is "yes," then the proposed claims would be neither time-barred nor procedurally defaulted—although they would probably be unexhausted. As noted above, at issue in *Shinn* were lower court decisions to allow an evidentiary hearing or other factual development on not only the ineffective assistance of postconviction counsel claim offered as cause to excuse the default of an ineffective assistance of trial counsel claim, but also on the merits of that ineffective assistance of trial counsel claim. 142 S. Ct. at 1728–29, 1729–30. Here, unlike in *Shinn*, the discovery at issue does not target "the equitable rule announced in *Martinez*," *i.e.*, ineffective assistance of postconviction counsel offered as cause to excuse the default of a claim of ineffective assistance of trial counsel, or, as discussed above, any claims for

12

relief.

Other courts have drawn this line and identified factual development that falls outside the scope of § 2254(e)(2) and *Shinn* and *Shoop*. In *Guevara-Pontifes v. Baker*, Case No. 3:20-cv-652, 2022 WL 4448259 (D. Nev. Sep. 23, 2022), the district court rejected the state's argument that *Shinn* and *Shoop* undermined the petitioner's ability to offer ineffective assistance of postconviction counsel as cause to excuse procedural default. Specifically, the district court held that neither *Shinn* nor *Shoop* addressed the only issues before the court: whether the petitioner could establish good cause for a stay under *Rhines v. Weber*, 544 U.S. 269 (2005); and whether the petitioner could offer ineffective assistance of postconviction counsel to excuse his failure to exhaust a claim in postconviction. *Id*. at *4.

In *Gelsinger v. Superintendent Fayette SCI*, Case No. 21-2844, 2022 WL 3666228 (3rd Cir. Aug. 25, 2022), the United States Court of Appeals for the Third Circuit, in the wake of *Shinn*, revisited its procedure for handling *Martinez*-based claims of ineffective assistance of postconviction counsel offered to excuse the procedural default of other claims. Specifically, the Third Circuit reaffirmed its position that if a district court determines on the basis of the existing state court record that a defaulted claim of ineffective assistance of trial counsel is meritorious, then the district court is not precluded from conducting an evidentiary hearing on a claim of ineffective assistance of postconviction counsel offered as cause to excuse the default of the ineffective assistance of trial counsel claim. *Id.* at *2 (citing *Williams*, 45 F.4th at 722–23).

Returning to the case at hand, the sought-after discovery does not target a *Martinez*-based claim of ineffective assistance of postconviction counsel offered to excuse the procedural default of a claim of ineffective assistance of trial counsel. Nor does it target the merits of any claims

13

for relief. Thus, the restrictions on factual development set forth in 28 U.S.C. § 2254(e)(2) and the decisions in *Shinn* and *Shoop*, do not disrupt this Court's prior reasoning. Still more, even if *Shoop* were applicable and required this Court to determine whether the discovery it has authorized would be admissible, this Court has complied with that requirement. The discovery sought must be considered in determining the timeliness of Sapp's new proposed new claims. The Warden has failed to demonstrate that *Shinn* and *Shoop* warrant reconsideration of the Court's original grant of discovery.

## IV. CONCLUSION

For the foregoing reasons, the Warden's Motion for Reconsideration (ECF No. 116) is **DENIED**.

The Court further **ORDERS** that the **stay** on the ECF No. 115 discovery scheduling order imposed by the Court's September 16, 2022, Order (ECF No. 119) be **LIFTED**.

**IT IS SO ORDERED.**

Date: February 7, 2023

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE