IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM K. SAPP,**

    **Petitioner,**

v.

**CHARLOTTE JENKINS, Warden,**

**Chillicothe Correctional Institute,**

    **Respondent.**

Case No. 2:17-cv-1069
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

Petitioner Sapp, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court for consideration of the Respondent-Warden's Appeal to the District Court from the Doc. 120 Opinion and Order of the Magistrate Judge. (ECF No. 123.) Also before the Court is Sapp's Response. (ECF No. 124.) Because the Warden has failed to demonstrate any error of law, this appeal is **OVERRULED**.

**I.  BACKGROUND**

In 2021, this Court granted Sapp leave to conduct discovery to determine the timeliness of two claims that Sapp seeks to add to his Petition. (ECF No. 90.) The question previously identified by the Court was whether deficiencies in postconviction counsel's performance and other irregularities during the postconviction proceedings warrant equitable tolling of the statute of limitations.

(ECF No. 68, at PageID 25749-50.) On July 8, 2022, as the discovery was near completion, the Warden sought reconsideration of the allowance of discovery, arguing that two recent Supreme Court decisions rescinded this Court's authority to permit that kind of factual development. (ECF No. 116, at PageID 30953, citing *Shinn v. Ramirez*, 142 S.Ct. 1718 (May 23, 2022), and *Shoop v. Twyford*, 142 S.Ct. 2037 (June 21, 2022).) On February 7, 2023, the Magistrate Judge issued an Opinion and Order denying the Warden's motion. (ECF No. 120.) The Warden appeals that decision. (ECF No. 123.)

## II. LEGAL STANDARDS

According to Fed. R. Civ. P. 72(a), when a party objects to a magistrate judge's ruling on a non-dispositive motion, the district court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, 28 U.S.C. § 636(b)(1)(A) provides that "[a] judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." The "clearly erroneous" standard applies to factual findings and the "contrary to law" standard applies to legal conclusions. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (citations omitted). A factual finding is "clearly erroneous" when the reviewing court is left with the definite and firm conviction that a mistake has been made. *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citations omitted). A legal conclusion is "contrary to law" when the magistrate judge has misinterpreted or misapplied

2

applicable law.  *Id.* (citations omitted).

The Magistrate Judge correctly identified the standard governing motions for reconsideration (ECF No. 120, at PageID 30974-75), and the Warden does not argue otherwise.

## III. DISCUSSION

The Warden's position is that the Magistrate Judge erred as a matter of law in concluding that the factual development could proceed.  According to the Warden, *Shinn v. Ramirez* and *Shoop v. Twyford* foreclose <u>any</u> factual development based on alleged malfeasance of state court postconviction counsel, absent compliance with 28 U.S.C. § 2254(e)(2).  (ECF No. 123, at PageID 30993.)  The Warden asserts:  (1) that Sapp's conclusive guilt either renders futile the two claims he seeks to add or makes it impossible for him to satisfy § 2254(e)(2)'s "actual innocence" component; (2) that the *Shinn* decision upended an earlier case addressing equitable tolling by making clear that statutory law—i.e., § 2254(e)(2)'s restrictions--trumps equitable rules; and (3) that the decisions relied upon by the Magistrate Judge either were wrongly decided or actually support the Warden's position that, following *Shinn*, factual development of any sort based on alleged malfeasance of state postconviction counsel is prohibited absent compliance with § 2254(e)(2).  (*Id.* at PageID 30993-94.)

Sapp argues in response that the Warden's appeal should be overruled, first, because the Warden is appealing a different issue than that raised in the motion for reconsideration, and second, because *Shinn*, *Shoop*, and § 2254(e)(2)'s restrictions

3

on factual development apply only to substantive claims relief. (ECF No. 124, at PageID 31030.)

As a preliminary matter, the Court agrees with Sapp's contention that the Warden's arguments about the underlying facts and Sapp's guilt are not relevant to the limited issue before the Court, *i.e.*, whether factual development is permitted on the equitable tolling issue. (*Id.* at PageID 31031, n.2.) Assuming that the Warden offers these arguments to demonstrate that Sapp cannot overcome § 2254(e)(2)'s restrictions on factual development, the Court's decision below that § 2254(e)(2) does not apply to the instant discovery renders the arguments irrelevant. The Court need not address that part of the Warden's appeal.

According to the Warden, the Supreme Court in *Shinn v. Ramirez* "plainly and repeatedly" held that any factual development based on the alleged malfeasance of state postconviction counsel is governed by (and subject to the restrictions set forth in) 28 U.S.C. § 2254(e)(2). (ECF No. 123, at PageID 31002.) But review of *Shinn*, 28 U.S.C. § 2254(e)(2), the decisions relied upon by the Magistrate Judge, and additional decisions issued thereafter persuade this Court (1) that the Warden's reading of *Shinn* is overbroad and that the Warden's focus on statutory law vis-à-vis equitable rules is misplaced; and (2) that the Magistrate Judge, in concluding that § 2254(e)(2) applies only to factual development of substantive claims for relief, committed no error of law.

The Court turns first to Sapp's contention that the instant appeal should be

4

overruled because "[t]he issues that the Warden raises in this appeal were not contained in the Warden's motion for reconsideration, ECF No. 116." (ECF No. 124, at PageID 31031.) In *Murr v. United States*, 200 F.3d 895, 902, n.1 (6th Cir. 2000), the case relied upon by Sapp, the United States Court of Appeals for the Sixth Circuit stated "that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]." (citations omitted).

In the motion for reconsideration filed on July 8, 2022, the Warden argued that reconsideration was warranted because: (1) under *Shoop v. Twyford*, 142 S.Ct. 2037 (2022), habeas petitioners must clear § 2254(e)(2)'s restrictions before being permitted to develop any new evidence that was not before the state courts; (2) under *Shinn v. Ramirez*, 142 S.Ct. 1718 (2022), the *Martinez* line of cases does not excuse habeas petitioners from having to satisfy § 2254(e)(2) in order to obtain consideration of evidence beyond the state court record; and (3) Sapp was granted discovery to obtain evidence to support new *Brady* and/or ineffective assistance of counsel claims. (ECF No. 116, at PageID 30954.) "In light of the newly-announced cases of *Shinn v. Ramirez* and *Shoop v. Twyford*," the Warden concluded, "before allowing the collection of evidence outside the state court record, the Court must first require petitioner Sapp to either show how 2254(e)(2) does not apply to his case, or alternatively show, by the appropriate level of proof, that he can overcome

5

the gatekeeping rules in 2254(e)(2)." (*Id*. at PageID 30955.)

In the instant appeal of the Magistrate Judge's Opinion and Order denying the motion for reconsideration, the Warden argues that the discovery should be suspended, and Sapp be compelled to satisfy § 2254(e)(2) for discovery to continue. The reasons the Warden advances now are: (1) the facts show that Sapp is conclusively guilty of all charges; (2) the view in *Holland v. Florida*, 560 U.S. 631 (2010), addressing equitable tolling, that equitable rules trump statutory law has been upended by *Shinn*'s view that statutory law now trumps equitable rules; and (3) the single decision supporting the Magistrate Judge's Opinion and Order (*Barbour v. Hamm*) was wrongly decided, and the remaining decisions cited by the Magistrate Judge actually support the Warden's position that *Shinn* precludes factual development of any sort based on alleged malfeasance of state postconviction counsel absent compliance with § 2254(e)(2). (ECF No. 123, at PageID 30993-94.)

The Warden arguably suggested in the original motion for reconsideration, as he argues more extensively in the instant appeal, that *Shinn* precludes any factual development involving malfeasance by state postconviction counsel unless the petitioner can satisfy the conditions set forth in 28 U.S.C. § 2254(e)(2). And the Warden's arguments questioning the decisions relied upon the Magistrate Judge, while new, could not have been raised in the original motion for reconsideration. There can be little question, however, that arguments in the instant appeal about post-*Shinn* prevalence of statutory law over equitable principles constitute brand

6

new arguments that were never presented to the Magistrate Judge, *and* that these new arguments could have been raised at the time the Warden filed the motion for reconsideration. The Court could deny this component of the Warden's appeal on that basis alone. But that is not necessary because the Court finds all of the Warden's arguments unpersuasive and insufficient to establish any error of law.

First, the Court is not of the view that *Shinn* applies as broadly as the Warden asserts. According to the Warden, the Court in *Shinn* "plainly and repeatedly" held that *any* factual development based on the alleged malfeasance of state postconviction counsel is prohibited unless the petitioner can satisfy the conditions set forth in 28 U.S.C. § 2254(e)(2). The Court disagrees. *Shinn* says that a federal habeas court may not conduct factual development **based** on ineffective assistance of state postconviction counsel. *Shinn*, 142 S.Ct. at 1734. That is not necessarily the same, as the Warden posits, as saying that a federal habeas court may not conduct factual development **on** ineffective assistance of state postconviction counsel. In other words, *Shinn* simply holds that the equitable rule created by *Martinez*—namely, that ineffective assistance of postconviction counsel can in some circumstances serve as cause to excuse the default of a claim of ineffective assistance of trial counsel—does not supplant § 2254(e)(2)'s restrictions on factual development of the substantive claim for relief. The Warden has not demonstrated as settled law that *Shinn* necessarily extended § 2254(e)(2) to *all* claims of ineffective assistance of postconviction counsel offered for *any* reason.

7

Second and more to the point, the Warden's theory about the prevalence of statutory law over equitable principles does not establish that § 2254(e)(2)'s restrictions apply to the instant discovery.  The Warden appears to justify the above broad interpretation of *Shinn* by lumping all equitable rules (here, equitable tolling and the *Martinez* rule) together, and then pointing to where the Supreme Court said in *Shinn* that while the Constitution authorizes the Court to alter equitable rules and procedural rules that are "judge-made" rules, the Constitutional does not authorize the Court to alter statutory law enacted by Congress (here, § 2254(e)(2)). *Shinn*, 142 S.Ct. at 1736.  But nothing about the Court's grant of the discovery at issue alters, circumvents, or ignores § 2254(e)(2).  Rather, the Court is merely saying, by using § 2254(e)(2)'s own language limiting its applicability to substantive claims for relief, that § 2254(e)(2) does not apply to the instant discovery on the issue of whether equitable tolling is warranted.  The Warden's focus on statutory law trumping equitable rules misses the mark.  More determinative is the plain language in § 2254(e)(2) that limits its restrictions to factual development on substantive claims for relief.  The Warden's argument focusing on the prevalence of statutory law over equitable rules, while clever, is a novel extrapolation that cannot logically demonstrate an error of law on the part of the Magistrate Judge.

Turning next to the Warden's challenge on the cases relied upon by the Magistrate Judge, the Court begins with a reminder of what 28 U.S.C. § 2254(e)(2) says:

8

> (e)(2)  If the applicant has failed to develop the basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
>> (A)  the claim relies on—
>>
>>> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>>
>>> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>>
>> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  The statute's own language—particularly subsection (B) linking the undeveloped facts at issue with undermining the finding of guilt—combined with the Court's discussion above of the Warden's interpretation of *Shinn*, persuade this Court that <u>by</u> focusing on § 2254(e)(2)'s own language limiting its restrictions to factual development of substantive claims for relief, *Barbour v. Hamm*, Case No. 2:01-cv-612-ECM, 2022 WL 3570327, at *3 (M.D. Ala. Aug. 18, 2022) was correctly decided.  The Warden's objection asserting that *Barbour* was wrongly decided (ECF No. 123, at PageID 31016-19) is thus **overruled**.

The Court also concludes that the other decisions cited in the Opinion and Order, (ECF No. 120, at PageID 30981-85) do <u>not</u> support the Warden's positions that statutory law (§ 2254(e)(2)) trumps equitable rules (equitable tolling) or that *Shinn* precludes all factual development involving performance of postconviction

9

counsel in all instances. The Warden's objection asserting that the "cases cited by the Magistrate Judge support the *Shinn* rule that statutory law trumps equitable rules" (ECF No. 123, at PageID 31023) is **overruled**.

Review of more recent decisions interpreting *Shinn* does not reveal a prevalent trend one way or the other with respect to the reach of *Shinn* and § 2254(e)(2) sufficient to establish an error of law in the Magistrate Judge's interpretation and application of *Shinn* vis-à-vis 28 U.S.C. § 2254(e)(2). Several recent decisions support the Magistrate Judge's interpretation and application. *Row v. Miller*, Case No. 1:98-cv-00240-BLW, 2023 WL 2744409, at *8-10 (D. Ida. Mar. 31, 2023), undertook a thorough analysis to adopt a post-*Shinn* model for addressing *Martinez*-based cause arguments, and recognized various circumstances in which § 2254(e)(2) simply does not apply to the question of whether an evidentiary hearing may be held. *See also Rankin v. Payne*, Case No. 5:06-cv-00228-JM, 2023 WL 2163822, at *5 (E.D. Ark. Feb. 22, 2023) (confining *Shinn*'s extension of § 2254(e)(2)'s restrictions to "potentially meritorious rubric" [*i.e.*, substantive-ness of defaulted trial counsel ineffectiveness claim] by reading *Shinn* as saying that a hearing on the ineffectiveness of postconviction counsel would serve no purpose <u>*only if*</u> the defaulted trial counsel ineffectiveness claim does not, based on the existing state court record, appear meritorious). These recent decisions bolster the Magistrate Judge's reliance on *Barbour* and *Guevara-Pontifes v. Baker, et al.*, Case No. 3:20-cv-00652-ART-CSD, 2022 WL 4448259, at *4 (D. Nev. Sep. 23,

10

2022), where the district courts held that *Shinn* did not preclude factual development on the issues of "gateway" actual innocence to excuse procedural default and of good cause for stay and abeyance under *Rhines v. Weber*, 544 U.S. 269 (2005), respectively.

The Court also found several recent decisions that appear to support the proposition that *Shinn* extended the restrictions on factual development set forth in § 2254(e)(2) to a *Martinez*-based ineffective assistance of postconviction counsel claim offered as cause to excuse the petitioner's failure to exhaust a claim of ineffective assistance of trial counsel. *See Millet v. Adams*, Case No. 4:20-cv-539 RLW, 2023 WL 2987612, at *15 (E.D. Missouri Apr. 18, 2023) (holding that a petitioner seeking to conduct discovery on a *Martinez* claim for purposes of excusing procedural default must satisfy § 2254(e)(2)); *Taylor v. May*, Case No. 11-1251-CFC, 2023 WL 2686375, at *9 (D. Del. Mar. 29, 2023) (applying *Shinn*'s extension of § 2254(e)(2)'s restrictions to both the determination of the merits of the defaulted trial counsel ineffectiveness claim <u>and</u> the determination of postconviction counsel ineffectiveness offered as cause to excuse the default); *Bearup v. Shinn*, Case No. CV-16-03357-PHX-SPL, 2023 WL 1069686, at *3 (D. Ariz. Jan. 27, 2023) ("After *Ramirez* [*Shinn*], a federal habeas court may not consider [new] evidence, *even when reviewing a petitioner's claim of good cause* [ineffective assistance of postconviction counsel] *for failure to exhaust a claim*, unless it first meets the requirements of 2254(e)(2)." (emphasis added)); *Bossie v. Davis*, Case No. 1:21-cv-

11

00256-BLW, 2023 WL 35278, at *3 (D. Ida. Jan. 4, 2023) ("Now, a petitioner must make a § 2254(e)(2) showing before being permitted to engage in discovery for the purpose of overcoming procedural default.").[1] These decisions fail to demonstrate an error of law for two important reasons.

First, the decisions above extend § 2254(e)(2)'s restrictions to factual development of a *Martinez* claim offered to excuse the procedural default of a trial counsel ineffectiveness claims. But as the Magistrate Judge correctly observed, the factual development at issue does not relate "to the excuse of procedural default for any claims, whether by the rule announced in *Martinez* or otherwise." (ECF No. 120, at PageID 30980-81.) Further, the Court is not persuaded that a few unreported decisions concerning a new, evolving legal principle are sufficient to demonstrate that the Magistrate Judge's interpretation of *Shinn*, *Shoop*, and 2254(e)(2) constituted a misinterpretation or misapplication of law.

## IV. CONCLUSION

For the foregoing reasons, the Warden's Appeal of the ECF No. 120 Opinion and Order denying the motion for reconsideration, (ECF No. 123), is **DENIED**. Further, the February 14, 2023, ECF No. 122 Notation Order staying the discovery schedule is **LIFTED** and the ECF No. 115 Discovery Scheduling Order is **hereby REINSTATED**.

**IT IS SO ORDERED.**

---

[1] The Court notes that this somewhat summary conclusion appears to be in conflict with a more reasoned conclusion reached by the same court in the subsequent case of *Row v. Miller*, 2023 WL 2744409, discussed above.

s/Sarah D. Morrison

---

**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**