UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM K. SAPP,**

    **Petitioner,**

             :     Case No. 2:17-cv-1069

    v.                           Chief Judge Sarah D. Morrison
                             Magistrate Judge Kimberly A.

**CHARLOTTE JENKINS,**     Jolson
**Warden, Chillicothe**         :
**Correctional Institution,**

    **Respondent.**

## OPINION AND ORDER

Petitioner Sapp, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on Sapp's Sixth Motion to Supplement the Record (ECF No. 149), the Respondent-Warden's Response in Opposition (ECF No. 150), and Sapp's Reply (ECF No. 151). For the reasons that follow, Sapp's motion is **GRANTED**.

### I.  BACKGROUND

Sapp seeks to expand the record with mental health records relevant to the Court's consideration of whether Sapp is entitled to equitable tolling in order to add two claims to his Petition. (ECF No. 149, at PageID 32100 (citing ECF Nos. 140, 141, 148, 148-1).) According to Sapp, "[t]hese records demonstrate his long-standing, severe mental illness and his consistent sedation with heavy-duty, anti-psychotic drugs that would impact his ability to both assist his state post-conviction

counsel, appreciate the nature of the state post-conviction process, or otherwise advocate for himself." (*Id*.)  The issue of Sapp's mental capacity during his state postconviction proceedings, Sapp reminds, was identified by the Court as a factor to be considered in the totality of the circumstances that the Court must weigh in determining whether equitable tolling is warranted.  (*Id*. at PageID 32100-1 (citing ECF No. 68, at PageID 25739, 25748-49, 25750).)  Sapp states that Rule 7 of the Rules Governing Section 2254 Cases authorizes this Court to direct expansion of the record with any materials relevant to the resolution of issues before the Court.  (ECF No. 149, at PageID 32102-3 (citations omitted).)

The Warden argues that habeas rules preclude expansion of the record with evidence not presented to the state courts.  (ECF No. 150.)

For the reasons set forth below, the Court finds that the proposed expansion would assist the Court and is not barred by the statutes and case law cited by the Warden.

## II.    STANDARDS OF REVIEW

Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts states that a federal habeas court may direct the parties to supplement the record with additional materials relevant to the Court's resolution of the Petition, and the additional materials that may be supplemented include documents, exhibits, and affidavits.  The Sixth Circuit has recognized that expansion of the record in habeas cases is left to the discretion of the trial judge.

2

*Beuke v. Houk*, 537 F.3d 618, 653 (6th Cir. 2008) (citing *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988)).  Further, "[e]xpansion of the record can assist the district court in deciding other issues besides the merits of the claim" and the expanded record "does not necessarily require that the district court consider that evidence in evaluating the merits of the habeas claim." *Moore v. Mitchell*, 708 F.3d 760, 784 (6th Cir. 2013).

Section 2254(e)(2) of Title 28 restricts factual development in habeas corpus as follows:

> (e)(2)  If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A)  the claim relies on—
>
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Although § 2254(e)(2) references only evidentiary hearings, its restrictions have been interpreted more recently to apply to any factual development—including motions to supplement.  *See, e.g., Obermiller v. Shoop*, Case No. 1:19-cv-2193, 2024 WL 404490, at *2 (N.D. Ohio Feb. 2, 2024) (collecting

3

cases).

## III. ANALYSIS

In his reply, Sapp asserts that the Warden's lone argument against supplementing the record with documents never presented to the state courts "conflates the scope of the evidence that federal courts can consider when addressing the merits of habeas claims as opposed to the evidence federal courts can consider when addressing equitable tolling issues." (ECF No. 151, at PageID 32173.) The Court agrees.

### A. § 2254(e)(2) Restrictions

As the Court made clear in prior rulings rejecting the Warden's efforts to halt discovery on the equitable tolling issue, it is clear from the plain language of § 2254(e)(2), as well as recent case law, that § 2254(e)(2)'s restrictions apply only to factual development for the adjudication of substantive claims for relief. (Opinion and Order, ECF No. 120, at PageID 30981-2; Opinion and Order, ECF No. 125, at PageID 31055-9.) Even the cases cited by the Warden link the limits imposed by § 2254(e)(2) to the habeas court's *adjudication* of a *claim*. (ECF No. 150, at PageID 32168-9.)

The Warden insists that Sapp is not excused from the restrictions on consideration of supplemental evidence simply because he seeks an application of equitable tolling rather than habeas relief on the underlying claim. The Warden reasons that "[t]here is no principled distinction between the two where a grant of

4

relief for equitable tolling is an essential precondition to a grant of relief on the underlying claim." (ECF No. 150, at PageID 32170.)  The Court disagrees.  The Warden does not explain, and it is not otherwise apparent to the Court, that any grant of equitable tolling would necessarily lead to a grant of habeas corpus relief on those claims.

The Warden also argues that Sapp is not "entitled" to "more generous evidentiary rules" for the application of equitable tolling than would apply to the application of the habeas doctrines to excuse procedural default.  (*Id.*, at PageID 32170-1.)  The Warden bases this argument on the premise that while there are established rules pertaining to when new evidence may be considered to determine whether a procedural default may be excused, "as to equitable tolling there is no common body of law as to the requirements for consideration of evidence outside of the state court record." (*Id*. at PageID 32171.)  The Warden's argument is unpersuasive.  The Court has not once, but twice, held that § 2254(e)(2)'s restrictions on factual development, in applying only to the adjudication of claims for relief, do not therefore apply to other issues a court might need to resolve, *including* equitable tolling.  The Court rejects any suggestion that the rules governing when new evidence may be considered in determining whether procedural default maybe excused cannot be applied in determining whether equitable tolling should apply to allow for the addition of claims that might otherwise be untimely.

5

### B.    Rule 7 Relevancy

Sapp's postconviction action sat in limbo for thirteen years. The Court's previous decision on Sapp's motion to amend clearly stated that Sapp's mental capacity during that time was a factor to be considered in determining whether equitable tolling should apply to the claims Sapp seeks to add. The documents that Sapp offers shed light on his mental capacity during that critical period, and, as noted by Sapp, were largely generated by medical personnel employed by ODRC. As noted above, Rule 7 of the Rules Governing Section 2254 Cases in the United States District Courts allows a federal habeas court to direct the parties to supplement the record with additional materials relevant to the Court's resolution of the Petition. The Court is satisfied that the documents Sapp proposes to add are relevant to the Court's determination of whether to grant Sapp's Motion for Leave to File his Second Amended Petition (ECF No. 132).

### IV.    CONCLUSION

For the foregoing reasons, Sapp's Sixth Motion to Supplement the Record, (ECF NO. 149), is **GRANTED**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　  /s/ Sarah D. Morrison  
　　　　　　　　　　　　　　　　　　**SARAH D. MORRISON**  
　　　　　　　　　　　　　　　　　　**CHIEF UNITED STATES DISTRICT JUDGE**