UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM K. SAPP,**

    **Petitioner,**

v.                                                    Case No. 2:17-cv-1069
                                                           Chief Judge Sarah D. Morrison

**CHARLOTTE JENKINS, Warden,**
**Chillicothe Correctional Institute,**      Magistrate Judge Kimberly A.
                                                           Jolson

    **Respondent.**

**OPINION AND ORDER**

Petitioner William Sapp, an inmate sentenced to death by the State of Ohio, has pending before this Court a habeas corpus petition pursuant to 28 U.S.C. § 2254. This matter is before the Court on Sapp's First Motion for Leave to File a Second Amended Petition. (ECF No. 132). Also before the Court are Sapp's Memorandum in Support of his Motion for Equitable Tolling (ECF No. 140), the Respondent-Warden's Response in Opposition (ECF No. 141), and Sapp's Reply (ECF No. 148). For the reasons that follow, Sapp's Motion for Leave (ECF No. 132) is **GRANTED** in part and **DENIED** in part.

I. Background

Following conclusion of state postconviction appellate proceedings, Sapp's federal habeas counsel was appointed by Court order on February 5, 2018. (ECF No. 10). On October 31, 2018, Sapp filed his original habeas corpus petition, asserting 18 claims for relief ("Original Petition"). (ECF No. 27). Relevant to the pending Motion for Leave, Claim 10 in the Original Petition alleged that Sapp's trial counsel

was ineffective during all phases of the trial. (ECF No. 27 at PageID# 9417-9426). Respondent answered with a Return of Writ on May 22, 2019. (ECF No. 30).

Sapp's counsel advised the Court during an August 27, 2019, telephone conference that they received nearly 13,000 records from the Springfield Police Department and intended to file a motion to amend the petition to add a never-before-raised claim alleging that the prosecution failed to disclose material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 34).

The Court learned how Sapp received the Springfield Police Department records through a letter provided by Respondent. (ECF No. 59-1). On July 10, 2018, a few months after habeas counsels' appointment, the Ohio Public Defender made a public records request on Sapp's behalf to the Springfield Police Department seeking all documents related to the investigation of the murders of Phree Morrow and Martha Leach. (*Id.*). Sapp's habeas counsel advised the Court of when they received the records in a footnote in Sapp's reply brief:

> Sapp's counsel received the Springfield Police Department's file in September 2018. Counsel began their arduous review of the police file after reading the trial transcripts filed by the Warden on May 30, 2018, the rest of the state court record filed by the Warden on August 31, 2018, and then writing and filing Sapp's initial habeas petition on October 31, 2018.

(ECF No. 148 at PageID# 32016, fn. 17). The phrasing of the footnote is somewhat unclear, but it appears that Sapp's counsel did not begin to review the Springfield records received in September of 2018, until after they filed the Original Petition.

Based on Sapp's counsels' representation at the August 27, 2019, status conference, the Court stayed all of the filing deadlines set forth in its scheduling

2

order (ECF No. 8) and established a briefing schedule for the motions to amend the petition and to stay these proceedings. (ECF No. 34).

It appears from the record that the Springfield Police Department provided more than 12,000 pages of records (ECF No. 67, at PAGEID 25694), and Sapp's counsel completed review of those records on December 19, 2019 (ECF No. 36, at PAGEID 9541). Following the expansion of the record with the police records, (ECF Nos. 38 and 47), Sapp filed his motions to amend and for stay-and-abeyance on February 25, 2020. Sapp's proposed amendment ("First Amended Petition") sought to add Claim 19, alleging that the state violated *Brady,* and Claim 20, alleging that trial counsel was ineffective at all stages of the proceedings based on information gleaned from the Springfield Police Department records. (ECF No. 56-1 at 25603-25612).

The Court identified troubling questions about whether Sapp was sufficiently represented in connection with his pursuit of state postconviction relief but also found that there was insufficient information to rule with confidence that Sapp's proposed amendments were timely.  The Court accordingly denied Sapp's motions to amend and stay *without prejudice* to permit Sapp to more fully develop the record. (ECF No. 68).

Sapp subsequently requested and received permission to issue a subpoena to the Clark County Prosecutor's Office. (ECF No. 72, 85). On August 12, 2021, the Clark County Prosecutor's Office produced 40,100 pages of documents. (ECF No. 98). On September 8, 2022, Sapp's counsel deposed his postconviction counsel,

David Graeff. (ECF No. 133-1).

On June 20, 2023, Sapp sought leave to file a second amendment to his habeas petition. ("Second Amended Petition"). (ECF No. 132, 132-1). The Second Amended Petition expanded upon the *Brady* and ineffective assistance of counsel claims in the First Amended Petition: Claim 3 (ECF No. 132-1 at PageID# 31123-31158), which alleges a *Brady* violation in connection with Morrow and Leach murders, Claim Four (*Id.* at PageID# 31159-31167, which alleges a *Brady* violation in connection with the Anderson murder, Claim 5, which alleges a *Brady* violation in connection with the Pearson attempted murder (*Id.* at 31167-31172), and Claim 13 (*Id.* at PageID# 31200-31222), which alleges ineffective assistance of counsel at all stages of the proceedings.

Following Sapp's request for leave to file his Second Amended Petition, the Court ordered him to brief whether the proposed amendments to the petition are timely. (ECF No. 136). Sapp responded, arguing his amendments were entitled to equitable tolling. (ECF No. 140). Respondent opposes the amendment and disagrees that equitable tolling is appropriate. (ECF No. 141).

## II. Analysis

### A. 28 U.S.C. § 2244

The Antiterrorism and Effective Death Penalty Act of 1996 (PL 104–132, April 24, 1996, 110 Stat 1214) (the "AEDPA") adopted a statute of limitations for habeas corpus cases running for one year from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The provisions in 28 U.S.C. § 2244(d)(1)(B)—(C) plainly do not apply here.

Sapp has not overtly invoked Section (D). (ECF No. 140, 148). He makes an argument that his *Brady* claim is not barred by the statute of limitations because he had no duty to discover the documents that form the basis of his *Brady* claim. (ECF No. 148 at PageID# 32008-32018). Sapp fails to cite § 2244(d)(1)(D), nor does he argue that the factual predicate could not have been discovered earlier through the exercise of due diligence. The Court will not presume that Sapp is invoking this section of the statute without an overt argument or proof that establishes the standard. Nowhere does Sapp argue that the statute of limitations should be calculated as one year from the date he received the documents, nor does Sapp provide the Court with the date that he received the documents.

The Supreme Court of Ohio affirmed Sapp's conviction on direct appeal on December 29, 2004. (ECF No. 19-15 at PageID# 5787). So, his conviction became final on March 29, 2005, which was the deadline for him to seek review in the

United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283–85 (6th Cir. 2000).

However, the limitations period is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Sapp's postconviction petition was filed on June 4, 2001 (ECF No. 19-16 at PageID# 6138-6171) and remained pending until the Ohio Supreme Court declined jurisdiction over his appeal on November 1, 2017. (ECF No. 19-17 at PageID# 6434). Thus, Sapp had one year, or until **November 1, 2018**, to file a timely petition for federal habeas corpus relief.

Sapp's Original Petition (ECF No. 27), filed on October 31, 2018, was therefore timely. Explained below, any amendments filed after November 1, 2018 are only timely if they "relate back" to the timely Original Petition or qualify for equitable tolling.

### B. Relation Back

A motion to amend a habeas corpus petition is, per 28 U.S.C. § 2242, subject to the same standards which apply generally to motions to amend under Fed. R. Civ. P. 15(a). The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In equity the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party

> by virtue of allowance of the amendment, futility of amendment, etc.--
> the leave sought should, as the rules require, be "freely given."

371 U.S. at 182; s*ee also Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (citing *Foman* standard).  In considering whether to grant motions to amend under Fed. R. Civ. P. 15, a court should consider whether the amendment would be futile, *i.e.*, if it could withstand a motion to dismiss under Rule 12(b)(6).  *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 745 (6th Cir. 1992); *Commc'n. Commc'ns Sys., Inc. v. City of Danville, Ky.*, 880 F.2d 887, 895–96 (6th Cir. 1989); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983); *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urb. Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir. 1980).  Likewise, as noted above, a motion to amend may be denied if it is brought after undue delay or with dilatory motive.  *Foman*, 371 U.S. at 182; *Prather v. Dayton Power & Light Co.*, 918 F.2d 1255, 1259 (6th Cir. 1990).

The Court previously determined that amendment was not precluded under the standards established by Fed. R. Civ. P. 15(a) and the *Foman* decision.  (ECF No. 68, at PageID 25734-7, 25750).  Nothing that has transpired in the interim changes the Court's conclusion.  Thus, the Court rejects now, as it did then (ECF No. 68 at PageID# 25734), Respondent's rehashed arguments as to why amendment should be denied under the *Foman* factors.  (ECF No. 141, at PageID 31955-62).  As to the ultimate question of whether allowing amendment would be futile, *i.e.*, whether the proposed claims could withstand a Fed. R. Civ. P. 12(b)6) motion to

7

dismiss, the only component remaining to be determined is whether the proposed claims would be timely.

A claim added by amendment "relates back" to the date of filing of the complaint in a civil case and thereby avoids any statute of limitations bar if it "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading . . .." Fed. R. Civ. P. 15(c)(1)(B). The Supreme Court has applied the relation back doctrine narrowly in habeas corpus cases:

> An amended habeas petition . . . does not relate back (and thereby escape[s] AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.

*Mayle v. Felix*, 545 U.S. 644, 650 (2005). An overly broad relation-back doctrine may contravene Congress's intent in enacting AEDPA "to advance the finality of criminal convictions." *See Mayle*, 545 U.S. at 661. Thus, the ability to amend a habeas petition is more restrictive than in other civil cases; it must specifically relate back to the original petition to avoid imposition of AEDPA's one-year limitation. *Id.* at 664. "If claims asserted after the one-year period could be revived simply because they relate to the same trial, conviction, or sentence as a timely filed claim, AEDPA's limitation period would have slim significance." *Id.* at 662. To relate back, the amended claims must "share a 'common core of operative facts'" with the original claims. *Cowan v. Stovall*, 645 F.3d 815, 815, 818 (6th Cir. 2011) (quoting *Mayle*, 545 U.S. at 664). So, any "new" facts generally may differ only in specificity (not in kind) from those originally alleged. *Id.* at 819.

Comparing the claims asserted in the timely Original Petition to the claims

8

asserted in the proposed Second Amended Petition, which is the subject of the Motion for Leave and has been filed after the statute of limitations expired, there is a section of a single proposed amendment that fits the definition and "relates back."

Claim 10 (III) in the timely Original Petition (ECF No. 27 at PageID# 9420-9422) alleges that Sapp's trial counsel failed to use available evidence to adequately develop a defense at trial that Sapp was not "in control" during the murders of Leach and Morrow. This allegation specifically names the involvement of John Balser, David Marciszewski, Jamie Turner, Wanda Marciszewski, and Christopher Bibbs. Claim 13 (V)(A)(i) through (v) in the proposed Second Amendment Petition (ECF No. 132-1 at PageID# 31209-31216) similarly alleges that Sapp's trial counsel were ineffective for failing to adequately use information inconsistent with the prosecution's theory of the case on the Leach and Morrow murders. Claim 13(V)(A)(i) through (v) names the same individuals as Claim 10(III) in the Original Petition but includes reference to the documents that habeas counsel received from the Springfield Police Department and Clark County Prosecutor's Office.

The allegations in proposed amended Claim 13 (V)(A)(i) through (v) differ in specificity but not in kind from Original Claim 10(III) in that these allegations specifically reference documents that trial counsel allegedly should have used to challenge the state's theory that Sapp was in control of the murders of Leach and Morrow. Thus, Claim 13 (V)(A)(i) through (v) relates back to the Original Petition and is a timely amendment. Sapp's request to amend his Original Petition with the allegations contained in Claim 13(V)(A)(i) through (v) (ECF No. 132-1 at PageID#

9

31209-31216) is **GRANTED**.

The remaining proposed amendments bear no such relationship to the allegations in the Original Petition. There is no mention in the Original Petition that trial counsel's performance was ineffective with respect to the individuals listed in proposed Claim 13(V)(A)(vi) in the Second Amended Petition. (ECF No. 132-1 at PageID# 31216-31217). The Original Petition contains no allegation that the prosecution suppressed documents, which disqualifies proposed Claims 3, 4 and 5 in the Second Amended Petition from relating back. (*Id.* at 31123-31172). The Original Petition also makes no allegation that trial counsel was ineffective in failing to use available information to develop a defense to the Anderson murder or the Pearson attempted murder, which is found in proposed amended Claim 13 (V)(B) and (C). (ECF No. 132-1 at PageID# 31217-31220).

Accordingly, these proposed amendments do not relate back and will only be permitted if eligible for equitable tolling.

### C. Equitable Tolling

Section 2244(d)'s statute of limitations is "subject to equitable tolling in appropriate cases." *Holland v. Fla.*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner must show a causal link between the extraordinary circumstance and the untimely filing. *See Hall v. Warden, Lebanon Corr. Inst.*, 662

10

F.3d 745, 750 (6th Cir. 2011) ("[A] habeas petitioner must demonstrate both that he has been diligent in pursuing his rights and that an extraordinary circumstance caused his untimely filing."); *see also Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).

The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted); *Robinson v. Easterling*, 424 F. App'x 439, 443 (6th Cir. 2011); *Avery v. Warden, Marion Corr. Inst.*, No. 2:18-CV-387, 2019 WL 1409562, at *9 (S.D. Ohio Mar. 28, 2019), *report and recommendation adopted,* No. 2:18-CV-387, 2019 WL 2950054 (S.D. Ohio July 9, 2019); *see also Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011) ("To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances."); *Ramos-Martinez v. United States*, 638 F.3d 315, 324 (1st Cir. 2011) (citation omitted) (diligence requirement for equitable tolling "does not demand a showing that the petitioner left no stone unturned.").

To demonstrate "extraordinary circumstance" for equitable tolling purposes, Petitioner must show that what prevented him from timely filing was both extraordinary *and* beyond his control. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250 (2016); *Avery*, 2019 WL 1409562, at *12. Attorney error can warrant equitable tolling, but only if it is "'far more'" serious than "'a garden variety claim of excusable neglect.'" *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016) (quoting *Holland*, 560 U.S. at 651–52).

The burden is on the habeas petitioner to show that he is entitled to equitable

11

tolling. *Pace*, 544 U.S. at 418. The doctrine of equitable tolling is used sparingly. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). Nevertheless, equitable tolling is a matter of equity and, though "courts of equity 'must be governed by rules and precedents.'" *Holland*, 560 U.S. at 649 at 649 (quoting *Lonchar v. Thomas*, 517 U.S. 314, 323 (1996) (1996)), the "exercise of a court's equity powers ... must be made on a case-by-case basis." *Id.* at 649-50 (quoting *Baggett v. Bullitt*, 377 U.S. 360, 375 (1964) (1964)).

Sapp argues that he is entitled to equitable tolling, focusing his argument on the acts and omissions of his postconviction counsel, David Graeff. (ECF No. 140). Sapp contends that Graeff was ineffective because he did not understand postconviction law and particularly the concept of res judicata (*id.* at PageID# 31886-31887), failed to read the entire trial transcript (*id.* at PageID# 31890-31893), failed to adequately investigate and conduct discovery (*id.* at PageID# 31893-31895), provided Sapp with no meaningful representation from August 5, 2002, to June 22, 2015 (*id.* at PageID# 31904-31904), "doomed" Sapp's postconviction petition (*id.* at PageID# 31898-31904) and failed to file an application to reopen his direct appeal (*id.* at PageID# 31908-31909). Sapp further argues that the diligence requirement is met because Sapp was unable to assist Graeff with the postconviction process on account of his mental illness. (*Id.* at PageID# 31895-31898).

Respondent disagrees that Sapp is entitled to equitable tolling. (ECF No. 141). Respondent argues that the record belies the factual basis of Sapp's proposed

*Brady* claim because it shows that the relevant documents were not suppressed. (*Id.* at PageID# 31927-31955). Respondent argues that the proposed amendments are also futile because the claims are procedurally defaulted. (*Id.* at 31955-31966). Respondent also argues that Sapp cannot meet the requirements for equitable tolling because he failed to exercise diligence and has not established extraordinary circumstances. (*Id.* at PageID# 31963-31970). Respondent contends that either Sapp or his counsel should have requested the documents earlier, Sapp's postconviction counsel performed effectively, and there is no evidence of Sapp's mental status for the relevant time period. (*Id.*).

In reply, Sapp disputes Respondent's argument that his trial and postconviction counsel had access to the entirety of the Springfield Police Department records. He contends that the record establishes that counsel only had access to the documents required to be produced by the prosecution under Ohio Crimnal Rule 16— the co-defendants' statements. (ECF No. 148 at PageID# 31986-31987, 31991-32008). Sapp also argues that his *Brady* claims are not barred by the statute of limitations because he had no duty to seek out favorable information and are not procedurally defaulted based on the Ohio Supreme Court decision, *State v. Bethel*, 167 Ohio St. 3d 362 (2022). Finally, Sapp reiterates that he is entitled to equitable tolling based on abandonment of postconviction counsel and his mental illness. (*Id.* at PageID# 32019-32033).

Sapp focuses his efforts on events that occurred before the filing of his Original Petition. But the time that needs to be equitably tolled is the period *after*

13

November 1, 2018— the date the statute of limitations expired. Sapp makes many arguments about why his postconviction counsel failed him. Perhaps postconviction counsel's failures explain why the proposed amendments do not appear in his postconviction petition. But postconviction counsel's failures do not explain why habeas counsel did not include the proposed amendments in the timely Original Petition. When habeas counsel was appointed to represent Sapp, there was approximately nine months before the statute of limitations expired.

Sapp has not shown a causal link between the acts and omissions of his postconviction counsel and his inability to include the proposed amendments in his timely Original Petition. Indeed, the limitations period was statutorily tolled by virtue of the pending postconviction petition the entire time that David Graeff represented Sapp. Sapp's file would have been in better shape if Graeff had included the proposed amendments in the postconviction petition, but the Court cannot conclude that Graeff's omissions *caused* habeas counsel's inability to timely file the proposed amendments.

Sapp's counsel stated that they received the Springfield Police Department records approximately two months before the statute of limitations expired. (ECF No. 148 at PageID# 32016 fn. 17). Counsel have not provided any explanation for why they could not timely satisfy Rule 2(c) of the Rules Governing Habeas Corpus Cases by "specify[ing] all the grounds for relief available to [him]" and "stat[ing] the facts supporting each ground." *See Mayle v. Felix*, 545 U.S. 644, 649 (2005). This is especially true since habeas counsel included a claim in the Original Petition that

14

postconviction counsel was ineffective, citing to the paucity of the claims in the postconviction petition, all of which were barred by res judicata. (ECF No. 27 at PageID# 9430-9435). What's more, it appears from the information provided to the Court that counsel did not even begin to review the Springfield Police Department records until after the Original Petition was filed.

With none of the classic claims involving evidence outside the record that are usually included in a postconviction petition, a trove of documents from Springfield Police Department, and an impending statute of limitations, an urgency to make out claims to at least satisfy Rule 2(c) would have been paramount. Sapp has provided the Court with no evidence of an "extraordinary circumstance" that prevented him from doing so.

The Court is sympathetic to the circumstances under which Sapp's counsel assumed the file and its complexity. However, Sapp has not provided the Court with any authority for the proposition that the size of the document production by the Springfield Police Department qualifies as an "extraordinary circumstance." The jurisprudence on this issue in fact cuts in the opposite direction. *See, e.g., Huber v. Young*, No. 3:14-CV-03007-RAL, 2015 WL 300425, at *3 (D.S.D. Jan. 22, 2015) ("The size of the trial record and the steps Huber had to take in order to gain access to it, collectively, do not rise to extraordinary circumstances required for equitable tolling. Congress is presumed to have considered the difficulties regularly faced by petitioners for post-conviction relief, and those regular difficulties do not entitle a petitioner to equitable tolling."); *Daly v. Knipp*, No. C 12-0091 PJH, 2013 WL

15

2456576, at *5 (N.D. Cal. June 6, 2013), *aff'd,* 585 F. App'x 647 (9th Cir. 2014) ("Voluminous records of state court proceedings are a common circumstance facing many federal habeas petitioners and do not present extraordinary circumstances that warrant equitable tolling."); *Ashley v. Young*, No. 5:14-CV-05080-JLV, 2015 WL 13894907, at *6 (D.S.D. Feb. 13, 2015), *report and recommendation adopted as modified sub nom. FRANK J. ASHLEY, Petitioner, v. WARDEN DARIN YOUNG, THE ATTORNEY GENERAL OF THE STATE OF SOUTH DAKOTA, Respondents.*, No. CIV. 14-5080-JLV, 2015 WL 13894908 (D.S.D. Dec. 18, 2015) (finding that the petitioner's "need to review a voluminous trial record that resulted in his 135-year sentence to prepare his state habeas filings does not constitute an extraordinary circumstance").

Sapp has failed to provide sufficient facts or authority to support a conclusion that "extraordinary circumstances" prevented the timely filing of the proposed amendments that do not relate back to the Original Petition. Accordingly, those claims do not qualify for equitable tolling, are untimely, and Sapp's request to include them in his Second Amended Petition is **DENIED**.

The Court's concern expressed in ECF No. 68 about the events that transpired during Sapp's postconviction proceedings persist. Notwithstanding the Court's conclusion that proposed amended Claim 13(V)(A)(i) through (v) relates back to the original petition and is timely, Respondent has argued that it is procedurally defaulted. (ECF No. 141 at PageID# 31955-31966). Because the Court declines to issue piecemeal rulings on the substance of Sapp's claims, the Court

16

directs the parties to address the issue of procedural default in their Return of Writ and Traverse according to a scheduling order forthcoming from the Magistrate Judge.

Accordingly,

1. **IT IS ORDERED** that Sapp's Motion for Leave to file Second Amended Petition (ECF No. 132) is **GRANTED in part** and **DENIED in part**. Sapp may amend his petition to assert the claim labeled as 13(V)(A)(i) through (v), found at ECF No. 132-1 at PageID# 31209-31216. The Court finds that all other proposed amendments in ECF No. 132-1 are untimely.

2. **IT IS FURTHER ORDERED,** that within thirty (30) days of the date of this Order, Sapp is to submit a revised Second Amended Complaint consistent with this Order. A revised Second Amended Complaint compliant with this Order will not require a request for leave.

3. **IT IS FURTHER ORDERED**, that the matter is referred back to the Magistrate Judge to issue a scheduling order for deadlines on the Return of Writ and Traverse.

    /s/ Sarah D. Morrison
SARAH D. MORRISON
CHIEF UNITED STATES DISTRICT JUDGE